UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| | | |
|---|---|---|
| Stephen Lakatos, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CV-73-PLR-CCS |
| | ) | |
| Canberra Industries, Inc., | ) | |
| | ) | |
|    *Defendant*. | ) | |

## Memorandum Opinion and Order

This retaliatory-discharge case comes before the Court on the defendant's motion to dismiss [R. 4], the defendant's second motion to dismiss [R. 12], and the plaintiff's motion for leave to file a second amended and restated complaint [R. 18]. For the reasons discussed below, the defendant's motions to dismiss will be denied, and the plaintiff's motion to amend will be granted.

## Standard of Review

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v.*

*Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

With respect to motions to amend, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave should freely be given to amend a complaint when the interests of justice require. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . . futility of the amendment, etc. – then leave sought should, as the rules require, be 'freely given.'"). The denial of an opportunity to amend is within the discretion of the district court. *Id.* When the proposed amendment to the complaint would be futile, the court may deny the motion to amend. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). "Amendment of the complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2006).

## Background

The facts necessary to resolve these motions are few. The plaintiff was employed by the defendant from December 2000 through February 28, 2013. Beginning in December 2011, the plaintiff began working as a "GM Tube Supervisor." The plaintiff contends that the defendant's tube department was shut down from December 31, 2012 through February 25, 2013 due to environmental issues, and as a result of the shutdown, the defendant was unable to manufacture or assemble GM tubes for a period of time. Managers became concerned that they would fall behind on shipment deadlines, and in early 2013, two of the plaintiff's supervisors approached the plaintiff and informed him that once the tube department was reopened, his department needed to release the GM tubes to production immediately after they were manufactured without waiting for them to go through certain required testing and holding periods.

The plaintiff believed "[t]o skip the requirements and to ship these tubes or products that contained these tubes to customers without the required holding periods and required testing was fraudulent." Accordingly, the plaintiff refused to comply with his supervisors' demands. He claims the supervisors grew increasingly angry and wrote him up twice in the following weeks for "trumped up" reasons. Finally, a few days before the tube department was scheduled to reopen, one of the plaintiff's supervisors again told him that he needed to get the tubes out to production immediately after processing and before satisfying the required testing and holding periods. After he refused to comply with what he informed his supervisor he believed to be fraud, the plaintiff was terminated.

## Procedural History

The defendant's first motion to dismiss [R. 4] contends that the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332 because the plaintiff failed to establish that the

amount in controversy actually exceeds $75,000. The defendant also contends that the plaintiff's complaint failed to state a retaliatory-discharge claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In response, the plaintiff filed an amended and restated complaint [R. 9] clarifying the amount in controversy and alleging more factual information relating to the retaliatory-discharge claim. The defendant then filed a second motion to dismiss the amended and restated complaint [R. 12], contending that the amended complaint still failed to establish an amount in controversy exceeding $75,000 and that the amended complaint still failed to state a claim for retaliatory discharge under Rule 12(b)(6). Accordingly, the plaintiff moved for leave to file a second amended and restated complaint [R. 18], which the defendant opposes as futile.

## Discussion

### A. Subject-Matter Jurisdiction

Paragraph 93 of the proposed second amended and restated complaint alleges that, as a result of his illegal termination, the plaintiff lost income and benefits and suffered emotional distress, humiliation and embarrassment, and other pecuniary losses. [R. 18-1, ¶ 93]. In 2012, the defendant paid the plaintiff $79,534.00, and the plaintiff expected to earn as much or more in 2013 or 2014. *Id.* After his termination, the plaintiff did not find employment for fourteen months. *Id.* Once he was able to secure a new job, the plaintiff earned substantially less than what he earned from the defendant at the time of his termination. *Id.* Accordingly, the alleged economic losses exceed the $75,000 jurisdictional requirement.

### B. Statutory Retaliatory Discharge

The defendant contends the plaintiff failed to adequately plead a claim for statutory-retaliatory discharge. To state a claim for statutory-retaliatory discharge, a plaintiff must show,

4

among other things, that he was fired *solely* for refusing to participate in or remain silent about illegal activities. Tenn. Code Ann. § 50-1-304; *see also Voss v. Shelter Mut. Ins. Co.*, 958 S.W.2d 342, 343-44 (Tenn. Ct. App. 1997). In this case, the plaintiff claims he was written up twice and fired after refusing to participate in the defendant's allegedly fraudulent or illegal activities. The defendant argues that, because the plaintiff was written-up twice in the three weeks preceding his termination, and because the plaintiff does not explain why he was written-up, the plaintiff has failed to allege he was terminated *solely* for refusing to participate in illegal activities, and his claim should be dismissed. This argument is not persuasive.

To be sure, the plaintiff does not identify the defendant's stated reasons for writing him up. He simply states that the write-ups were "trumped up" and in retaliation for refusing to participate in the defendant's fraudulent scheme. The plaintiff pled that he had never received bad employee evaluation. He never had any issues prior to refusing to participate in what he believed was a fraudulent or illegal activity. Shortly after the refusal, the plaintiff received two write-ups and was terminated. At trial the parties may dispute whether the write-ups were legitimate or pretextual, but at the present, early stage of this litigation, the plaintiff has pled enough, accepting his allegations as true and making all reasonable inferences in his favor, for the Court to infer that the write-ups and termination resulted solely from his refusal to participate in fraudulent or illegal activities.

### C. Common-Law Retaliatory Discharge

The plaintiff also asserts a claim for common-law retaliatory discharge. To prevail on such a claim, a plaintiff must show that he was discharged for a reason that violates a clear public policy as evidenced by an unambiguous constitutional, statutory, or regulatory provision, and that a substantial factor in the employer's decision to discharge him was his compliance with

5

clear public policy. *Williams v. Greater Chattanooga Public Television Corp.*, 349 S.W.3d 501, 513 (Tenn. Ct. App. 2011). The key difference between statutory and common-law retaliatory discharge claims is that in a common-law claim, "a plaintiff need only show that his activity was a substantial factor in effectuating his discharge rather than showing it was the sole reason for his discharge." *Clark v. Hoops, LP*, 709 F.Supp. 2d 657, 670 (W.D. Tenn. 2010).

The plaintiff's amended complaint cites a number of statutes the plaintiff feared violating by participating in the defendant's alleged scheme.[1] A number of the statutes cited by the plaintiff are federal fraud statutes. They include 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1031 (Major Fraud Against the United States), and 18 U.S.C. § 1343 (Wire Fraud). The defendant, citing Rule 9(b)'s heightened pleading requirements for fraud, contends that the plaintiff has failed to allege sufficient facts that, if true, establish a violation of these statutes. The defendant's reliance on Rule 9(b) is misplaced.

The plaintiff is not suing the defendant for fraud, and this is not a False Claims Act case. The plaintiff is suing the defendant for firing him when he refused to participate in what he believed to be illegal or fraudulent activities. To prevail on a retaliatory discharge claim, a plaintiff need not prove fraud or illegality; instead, the plaintiff must show that he had "reasonable cause to believe a law, regulation, or rule has been violated or will be violated." *Williams v. Greater Chattanooga*, 349 S.W.3d at 514-15. Accordingly, the usual pleading standard contained in Rule 8 applies as opposed to the more stringent requirements of Rule 9(b).

This conclusion is supported by *United States ex rel. Marlar v. BWXT Y-12*, 525 F.3d 439 (6th Cir. 2008)—a case cited by the defendant. In *Marlar*, the plaintiff alleged "that she observed purportedly fraudulent activity and confronted her employer about it." *Id.* at 450.

---

[1] The defendant argues that some of the cited statutes are wholly inapplicable. Title 18 U.S.C. § 1001, for example, prohibits false or misleading testimony during a government hearing or investigation, and is arguably inapplicable to this case.

6

After she was terminated, the plaintiff brought a False Claims Act case against her employer for allegedly defrauding the federal government. She also asserted retaliatory-discharge claims under the federal False Claims Act. On appeal, the Sixth Circuit applied Rule 9(b)'s heightened pleading standards to the plaintiff's False Claims Act claims, but applied Rule 8(a)(2)'s pleading requirements to the plaintiff's retaliatory-discharge claims. *Id. at* 448-49. Despite pleading insufficient facts regarding the false claims to survive a motion to dismiss under Rule 9(b)'s more stringent standard, the plaintiff's retaliation claims were only required to meet the standard contained in Rule 8(a)(2).

Because the plaintiff's complaint contains sufficient factual allegations to satisfy the requirements of Rule 8, the defendant's motions to dismiss will be denied. Additionally, because the plaintiff's proposed second amended and restated complaint is sufficient to survive a motion to dismiss, the plaintiff's motion for leave to file will be granted.

## Conclusion

For the reasons discussed above, the defendant's motion to dismiss [R. 4] is **Denied**; the defendant's motion to dismiss the amended and restated complaint [R. 12] is **Denied**; and the plaintiff's motion for leave to file a second amended and restated complaint [R. 18] is **Granted.**

**It is so ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**


7

Case 3:14-cv-00073-PLR-CCS   Document 33   Filed 12/11/14   Page 7 of 7   PageID #: 377
